LUISA BRUNET DE LA HABA, ETC., Plaintiff and Appellee, v. HEIRS OF ANTOLÍN NIN MARTÍNEZ, Defendants; and MARÍA DE LOS ANGELES NIN Y RUIZ, Defendant and Appellant.

No. 7933. Argued December 13, 1940.—Decided December 19, 1940.

790

*Edelmiro Soldevila* for appellant. *Dubón & Ochoteco* and *Otero Suro & Otero Suro,* for appellee.

Mr. Justice de Jesús delivered the opinion of the court.

This is an action brought against the heirs of Antolín Nin Martínez to collect a loan for $10,000, with interest thereon which was originally stipulated at the rate of 1 per cent per month but subsequently reduced, by agreement of the parties, to 8 per cent per annum, for a term of four years which ex-- pired on March 23, 1930, and secured by a mortgage that was

constituted, on March 23, 1926, by deed No. 23, before Notary Miguel García González. The defendant María de los Angeles Nin filed an answer making a general denial, and as a special defense she set up that the complaint did not state facts sufficient to constitute a cause of action. The other defendants failed to appear and their default having been noted, the corresponding judgment against them was subsequently entered. The case was proceeded with against María de los Angeles Nin Ruiz, and the trial was set for November 14, 1938. When the case was called for trial, the defendant, appellant herein, stated that she abandoned her answer, and thereupon the plaintiff, who had been substituted by M. Regina Kerscher, introduced her evidence. On the 23d of the same month, judgment was rendered against the said defendant adjudging her "as universal heir of Don Antolín Nin Martínez, to pay to the plaintiff $10,000 as principal amount of the loan, $1,799.86 as interest due from August 23, 1936, to October 1938, at the rate of 8 per cent per annum, plus any interest that may become due until the indebtedness is fully paid, and the additional sum of $1,000 for costs, expenses, and attorney's fees, which sum was stipulated and accepted by the parties in the mortgage contract."

It is from that judgment that the appellant has taken the present appeal. In support of the same she urges that at the trial there was no proof of the death of Antolín Nin Martínez, or of the status of the defendants as his sole and universal heirs, or of the lack of payment to the original creditor of the loan sought to be recovered; that it is not provided in the judgment that the mortgaged property should be sold at public auction in default of payment; that the judgment appealed from is an individual judgment, which burdens the appellant exclusively, and was not rendered to supplement the one previously entered against the other defendants; and, lastly, that if the action is not to be considered as an ordinary action for the collection of a mortgage, the award of $1,000 for costs and attorney's fees was not proper.

792

Jointly with the appeal on the merits there was submitted to us a motion of the appellee requesting that the appeal be dismissed on the ground of the failure to serve the codefendants with a copy of the notice of appeal. The appellee presented affidavits, signed by the said codefendants, attesting to the fact that the appellant at no time had served them with a copy of the notice of appeal.

We will take up first the motion of the appellee, as it involves a jurisdictional question, and will then consider the appeal on the merits, if the motion can not prosper.

The identical question was raised in the case of *Iparraguirre* v. *Nin,* decided by this court on the 16th instant (*ante,* p. 744). The liability of the heirs for the debts of their ancestor is of a solidary character (*Hernández et al* v. *Cuebas et al.,* 16 P.R.R. 519, 520), and although the judgment is silent on this particular, should this court decide to affirm the same, it would have first to modify it so that the liability of the appellant, as well as that of the co-heirs who failed to appeal, would be regarded as joint and several. As the liability of the appellant is a solidary one, a reversal of the judgment would in no way prejudice said co-heirs, who could claim from the appellant the corresponding share of the benefit. If on the contrary the judgment were affirmed, the situation which existed at the time of the rendition of the judgment by the lower court could not be affected. Therefore, the said co-heirs are not adverse or opposite parties in relation to the appellant, with the right to be served with notice of the appeal taken by the latter. By reason of the foregoing, the motion to dismiss must be denied.

We will now proceed to consider the appeal on the merits.

When this case was called for trial in the lower court, Edelmiro Soldevila, Esq., attorney for the appellant, stated to the court:

"Defendant (Edelmiro Soldevila) : We have had some talks with the other party and as a result of the same we are going to abandon

the answer. We have reached an agreement, an understanding, and we are going to desist.''

The testimony of the plaintiff was forthwith introduced. Mrs. Kerscher testified that the mortgage had become due; that neither the principal nor the interest had been paid; and that, although she personally had made no previous demands, the same had been made by Mrs. De la Haba. At the conclusion of the testimony of Mrs. Kerscher, the judge, addressing Mr. Soldevila, said:

"Judge: Any question on the part of the defendant?
"Defendant. (Edelmiro Soldevila): No, Sir.''

The testimony of the plaintiff tends to prove that the debt was due and had not been paid to Mrs. De la Haba, for if the latter had collected the same, Mrs. Kerscher could not have stated at the trial that the debt was due and unpaid. (Tr. of Ev., p. 3). Moreover, the appellant herself, as we have seen, through the same attorney who now represents her, at the beginning of the trial stated that she abandoned her answer, as she had reached an agreement or understanding with the plaintiff. It is logical to conclude that if the client so represented owed nothing to the plaintiff, the indebtedness having been previously paid to Mrs. De la Haba, she would not have abandoned her answer, nor had she to enter into any agreement with a plaintiff who demanded payment of a debt which had already been satisfied. If counsel for the appellant wished Mrs. Kerscher to be more specific in her testimony, he could well have cross-examined her, as suggested by the court, regarding that particular: a thing which he then deemed as unnecessary.

There was introduced in evidence plaintiff's exhibit No. 4, consisting of a certificate of the Registrar of Property of San Juan First Section, dated August 31, 1937, from which it appears that the mortgaged property is recorded in favor of the defendants, including of course the appellant, in equal shares, by inheritance from Antolín Nin Martínez. Perhaps

there could have been produced a certified copy of the order of June 4, 1931, entered by the District Court of San Juan in civil case No. 14730, whereby the defendants were declared sole and universal heirs of Don Antolín Nin Martínez, which order is mentioned in deed No. 16 of May 2, 1938, by virtue of which the claim sued on was assigned to the plaintiff Mrs. Kerscher; but, in our judgment, from the evidence introduced in this case the debt of the appellant appears to have been satisfactorily proven, and as said appellant failed to object to the admission of that evidence and on the contrary, as we have seen stated to the court that she had reached an agreement or understanding with the plaintiff, and as the other defendants consented to the judgment by reason of their failure to take any appeal therefrom, even if we were to assume that said certificate of the registry of property was not the best evidence, we would not feel bound to reverse the judgment on that sole ground.

A mere reading of the complaint filed in this case leads us to the conclusion that the action brought is not a real, mortgage action, as claimed by the appellant, but a mere personal action to collect a loan secured by mortgage, since no prayer was made for the sale of the mortgaged realty to satisfy the debt.

The trial court did not err in imposing the payment of costs and attorney's fees, in the amount of $1,000, as from the loan and mortgage deed it appears that that sum was stipulated by the contracting parties in the mortgage deed: a contract which bound not only the deceased, Antolín Nin Martínez, but also his heirs. See the case of *Iparraguirre* v. *Nin, supra,* wherein the two questions last-above mentioned are fully discussed.

We agree with the appellant that the judgment entered below should have adjudged this defendant-appellant, jointly and severally with the other co-heirs, to pay the said sums, but this is not a reversible error, as this court, in considering a case on appeal, may render the judgment that

the trial court should have originally rendered, and therefore the judgment appealed from should be modified so as to provide that the appellant be adjudged to pay to the plaintiff the sums therein specified, jointly and severally with the other heirs of Antolín Nin Martínez and as a complement of the default judgment entered against said heirs.

As thus modified, the judgment appealed from must be affirmed.